UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE PAINTERS UNION DEPOSIT FUND, | Case No. 12-15517 |
| Plaintiff, | Stephen J. Murphy, III<br>United States District Judge |
| v. | |
| PASKOTECH PAINTING INDUSTRIAL FLOORING, INC., | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendant.<br>_____/ | |

### REPORT AND RECOMMENDATION
### MOTION FOR DEFAULT JUDGMENT (Dkt. 12)

This matter is before the Court on Trustees of the Painters Union Deposit Fund's Motion for Default Judgment. (Dkt. 12). A Default was entered on January 30, 2013, against defendant Paskotech Painting Industrial Flooring, Inc., d/b/a Paskotech, Inc., pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 11). On February 1, 2013, District Judge Stephen J. Murphy, III referred this motion to the undersigned. (Dkt. 13). An in-person hearing was held on March 28, 2013, pursuant to notice, at which counsel for plaintiff appeared. (Dkt. 14). The undersigned **RECOMMENDS** that plaintiff Trustees of the Painters Union Deposit Fund's Motion for Default Judgment be **GRANTED** for the reasons stated on the record. The default judgment against Paskotech Painting Industrial Flooring, Inc., d/b/a Paskotech, Inc. should be entered in the amount of

1

$36,188.16, and liquidated damages for late payments in the amount of $7,237.63, for a total judgment of $43,425.79, for the period of January 1, 2012 through October 31, 2012.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

<table>
<tr><td>Date: April 1, 2013</td><td>s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge</td></tr>
</table>

## CERTIFICATE OF SERVICE

     I certify that on <u>April 1, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Stephen D. Kursman</u>.

                                                     s/Tammy Hallwood
                                                     Case Manager
                                                     (810) 341-7887
                                                     tammy_hallwood@mied.uscourts.gov